832 So.2d 86 (2000)
Navada Dewayne SMITH
v.
STATE.
CR-99-1519.
Court of Criminal Appeals of Alabama.
September 29, 2000.
John William Cole, Birmingham, for appellant.
Bill Pryor, atty. gen., and Stephen N. Dodd, asst. atty. gen., for appellee.
BASCHAB, Judge.
The appellant was convicted of trafficking in cocaine, a violation of § 13A-12-231(2)a., Ala.Code 1975, and failure to affix tax stamps, a violation of § 40-17A-4, Ala. Code 1975. The trial court sentenced him to serve concurrent terms of ten years in prison on the trafficking conviction and *87 one year in prison on the failure to affix conviction. It then split the sentence on the trafficking conviction and ordered the appellant to serve three years in prison followed by three years on probation. In addition, the trial court imposed a $50,000 fine, pursuant to § 13A-12-231(2)a., Ala. Code 1975, and a $1,000 fine, pursuant to § 13A-12-281, Ala.Code 1975. In an unpublished memorandum released today, we have affirmed the appellant's convictions. See Smith v. State (No. CR-99-1519), 814 So.2d 1019 (Ala.Crim.App.2000) (table). In this opinion, we address the propriety of the sentence on the appellant's conviction for failure to affix tax stamps.
Section 40-17A-9(a), Ala.Code 1975, provides that failure to affix tax stamps, as defined in § 40-17A-4, Ala.Code 1975, is a Class C felony. The statutory range of punishment for a Class C felony is "not more than 10 years or less than 1 year and 1 day." § 13A-5-6(a)(3), Ala.Code 1975. The appellant's sentence of one year in prison on that conviction falls below the statutory minimum for a Class C felony. Accordingly, we remand this case to the trial court with instructions that that court resentence the appellant in accordance with §§ 40-17A-9(a) and 13A-5-6(a)(3), Ala.Code 1975. The trial court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 28 days after the release of this opinion.
AFFIRMED BY MEMORANDUM IN PART;[*] REMANDED WITH INSTRUCTIONS IN PART.[**]
LONG, P.J., and McMILLAN, J., concur; COBB and FRY, JJ., concur in part and dissent in part, with opinion by COBB, J., in which FRY, J., joins.
COBB, Judge, concurring in part and dissenting in part.
This Court has today released an opinion and an unpublished memorandum in this case. I agree with the majority's resolution of the first three issues in its unpublished memorandum. I respectfully dissent from the majority's conclusion as to the fourth issuethat the claims regarding the admissibility of Smith's statement were not preserved for appellate review.
The record reflects that, when the prosecutor asked the deputy about the content of Smith's statement, defense counsel stated, "I object. I don't think the proper predicate has been laid." (R. 78.) The majority concludes that this objection was not sufficiently specific to preserve for appeal the claims now raised: whether the State established that the officers had advised him of the rights guaranteed by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and whether he understood those rights before he made his statement. I disagree.
As I have discussed in previous dissents, Britain v. State, 783 So.2d 99 (Ala.Crim. App.1999)(Cobb, J., dissenting); Peterson v. State, 671 So.2d 111 (Ala.Crim.App.1995) (Taylor, P.J., and Cobb, J., dissenting), the Alabama Supreme Court has determined that this objection is sufficiently specific to preserve the issue for appeal. See also Ex parte Works, 640 So.2d 1056, 1058 (Ala. 1994).
*88 As the Supreme Court noted in Ex parte Works, a specific objection is required to put the trial court on notice of the alleged error, and to give the court an opportunity to correct it before the case is submitted to the jury. The law has firmly established that out-of-court confessions are prima facie inadmissible, and that the prosecutor must prove both that a defendant was informed of his Miranda rights and that he knowingly and voluntarily waived those rights. E.g., Houston v. State, 798 So.2d 704 (Ala.Crim.App.2000).
The State failed to establish a proper Miranda predicate:
"[Prosecutor]: Did you talk to [Smith]?
"[Deputy McEwin]: Yes, I did.
"Q: Did you tell him he had a right to a lawyer?
"A: Correct.
"Q: Did you tell him he had a right to remain silent?
"A: Correct.
"Q: Did he say he was willing to talk to you?
"A: Yes.
"Q: Did he ask for a lawyer?
"A: Yes, he did.
"Q: What did you do in response to him asking for a lawyer?
"A: He said that he want[ed] to call his attorney, Paul Phillips. And so I called him. Mr. Phillips came down to the office, spoke with Mr. Smith, and I then spoke with Mr. Smith in the presence of Mr. Phillips.
"Q: Did Mr. Smith give a statement?
"A: Yes, he did.
"Q: What was that?
"[Defense counsel]: I object. I don't think the proper predicate has been laid."
(R. 78.)
I believe that an objection of "improper predicate" in this case adequately informed the court of the alleged error and preserved the issue for review. Moreover, it appears that the judgment in this case is due to be reversed, because the prosecutor did not, in fact, establish a proper predicate. Specifically, Smith was not informed that any statements he made could be used against him in court, and Smith should have been so informed. Miranda v. Arizona, 384 U.S. 436, 469, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) ("The warning of the right to remain silent must be accompanied by the explanation that anything said can and will be used against the individual in court. This warning is needed in order to make him aware not only of the privilege, but also of the consequences of forgoing it. It is only through an awareness of these consequences that there can be any assurance of real understanding and intelligent exercise of the privilege.")
This issue was preserved for review, and it should have been addressed by the majority. The State failed to prove a proper Miranda predicate, and the judgment should be reversed and the cause remanded. Therefore, I object to the majority's resolution of the issue. For the foregoing reasons, I dissent.
FRY, J., concurs.
NOTES
[*] Note from the reporter of decisions: This case will also appear on a table of decisions without opinions.
[**] Note from the reporter of decisions: On February 9, 2001, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On March 9, 2001, that court denied rehearing, without opinion. On September 14, 2001, the Supreme Court granted certiorari review and REVERSED AND REMANDED (1001102). 832 So.2d 89.